IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**ALEX GAMBLE**                                                                                          **PLAINTIFF**

V.                                        NO. 4:21-CV-04080-SOH

**CITY OF PRESCOTT, ARKANSAS and
TERRY OLIVER, in his individual and
official capacities**                                                                                  **DEFENDANTS**

### PROTECTIVE ORDER

Based upon the agreement of counsel for Plaintiff and Defendants, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c). The Court also **GRANTS** the Unopposed Motion for Protective Order (ECF No. 16).

1.     Counsel for the Plaintiff has requested in discovery documents that are contained in the personnel files the City of Prescott. Many of the requested documents contain information that is personal and confidential and, therefore, not available to the general public.

2.     Except as otherwise indicated below, all documents, information, material or discovery responses designated by the producing party as "Confidential" are entitled to the confidential treatment as described below. Counsel for the party receiving the documents may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the producing party. The documents contained in the requested files may or may not be relevant to the issues in this case and the Court makes no determination on that issue at this time. If the parties do not ultimately agree on the relevance of documents, they can assert

objections at the appropriate time. However, it is clear that certain information in the requested files is confidential and such information should be redacted before it is produced by Defendants.

3. Confidential documents or the confidential information contained in documents designated as "Confidential" shall be disclosed only to the parties; counsel of record in this action for the party receiving the documents or any information contained therein; employees of such counsel assigned to assist such counsel in the preparation and trial of this action; experts and investigators retained by the parties; and the Court and its staff; and witnesses, including deposition witnesses, who might testify in this case and to whom disclosure is reasonably necessary provided that they are notified and agreed to be bound by the terms of this Order.

4. The Court also finds that confidential documents produced in discovery should not be disclosed or used in any fashion outside the framework of this litigation. Therefore, counsel for Plaintiff and Defendants have agreed that copies of the confidential documents, including the files produced in response to Plaintiff's discovery requests, shall be used solely for the purpose of litigating this action and that documents contained in the files shall not be disclosed except as permitted herein.

5. The documents produced may be used in depositions taken in this action and as exhibits to any pleading filed with the Court, provided that the confidential documents are filed under seal and certain sensitive information is redacted. In this regard, before producing files covered by this Order, counsel for Defendants are directed to ensure that certain sensitive information, that pertains to the Prescott employees who are the subjects of the files, is redacted. This includes social security numbers, driver's license numbers, employee identification numbers, personal telephone numbers, banking information, medical records and home addresses. The parties have agreed that, if any party notifies the opposing party of the need to subpoena any

individual whose address and telephone number is protected from disclosure pursuant to this Order, counsel will ensure that such individuals are made available to receive service of a subpoena.

      6.    Those subject to this Order are the parties to the action, including all of their officers, directors, employees, and experts retained to consult or testify at a trial of this action. Counsel are strictly forbidden from disseminating any documents covered by this Order to anyone not described in this Order as being permitted to view the documents and are likewise directed not to discuss confidential information contained in any such documents with anyone other than those persons covered by the provisions of this Order as state above. Copies of all files produced in discovery shall be maintained in the custody of counsel and not distributed to anyone with the exception of an expert witness retained by counsel for the parties as a consultant or witness.

      7.    This Order is entered based on the representations by the parties and for the purpose of facilitating discovery. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information is admissible in evidence at the trial of this case. The parties acknowledge and understand that a violation of the Order could subject them to a finding of contempt of Court.

      8.    Within thirty (30) days of the final termination of this action, including all appeals, Plaintiff's counsel shall return to counsel for Defendants all documents produced in response to the discovery requests. Counsel for the parties shall designate the person to whom the records are to be returned. The cost of returning records shall be borne by Plaintiff.

      **IT IS SO ORDERED this 22nd day of May 2023.**

      /s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

**APPROVED:**

*/s/ William C. Mann, III*
William C. Mann, III, AR Bar No. 79199
Attorney for Defendants
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-374-3484, ext. 231
EMAIL: bmann@arml.org

*/s/ Angilynn Taylor*
Angilynn Taylor
Law Office of Angilynn Taylor, PA
Attorney for Plaintiff
718 South Main Street, Suite B
Hope, AR 71801
TELEPHONE: 844-264-4529
EMAIL: ataylor@ataylorlawoffice.com