IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALEX GAMBLE                                                                                      PLAINTIFF

v.                                             Case No. 4:21-cv-04080

CITY OF PRESCOTT, ARKANSAS
and TERRY OLIVER, in His Individual
and Official Capacities                                                                      DEFENDANTS

## **ORDER**

Before the Court is Plaintiff Alex Gamble's Motion to Dismiss Without Prejudice. ECF No. 28. The matter is ripe for the Court's consideration.

Trial in the instant matter is scheduled for August 14, 2023. ECF No. 13. On June 14, 2023, Defendants filed a motion for summary judgment, which the Court referred to the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 18. That motion remains pending. Then, on July 7, 2023, Defendants filed a Motion to Deem Facts Admitted, pursuant to Local Rule 56.1. ECF No. 25. The Court also referred that motion to Judge Bryant, and it remains pending. Now, pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff seeks dismissal without prejudice of the instant action. ECF No. 28. Defendants do not oppose the motion.

"Pursuant to Rule 41(a)(2), actions may be dismissed upon [a] plaintiff['s] request, only by court order, and only upon terms the court considers proper." *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09-cv-01252, 2014 WL 4386742, at *4 (E.D. Mo. Sept. 5, 2014); *see also* Fed. R. Civ. P. 41(a)(2). It is within the district court's sound discretion to decide whether a voluntary dismissal should be granted. *Beavers v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007); *cf. Great Rivers Co-op of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) ("It is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for

the discretion of the trial court." (citation omitted)).  When deciding whether Rule 41(a)(2) dismissal is warranted, the following factors are instructive: "the defendant's effort and the expense involved in preparing for trial," "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," "insufficient explanation of the need to take a dismissal," "the fact that a motion for summary judgment has been filed by the defendant," "emotional and psychological trauma associated with the experience of defending another lawsuit," and "the prejudice resulting from uncertainty over title to land." *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987).

Upon consideration, the Court finds that Plaintiff's motion (ECF No. 28) should be and hereby is **GRANTED**.  Accordingly, this matter is hereby **DISMISSED WITHOUT PREJUDICE**.  Moreover, because the matter is hereby dismissed, Defendants' pending motion for summary judgment (ECF No. 18) and motion to deem facts admitted (ECF No. 25) are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 13th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge